IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and NOVO NORDISK A/S, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 17-227-VAC-MPT |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT TEVA PHARMACEUTICALS USA, INC.'s
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

In response to the Complaint filed by Plaintiffs Novo Nordisk Inc. ("NNI") and Novo Nordisk A/S ("NNAS") (collectively, "Novo Nordisk"), Defendant Teva Pharmaceuticals USA, Inc., ("Teva") through its attorneys, hereby submits its Answer, Defenses, and Counterclaims.

## ANSWER TO COMPLAINT

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiffs are entitled to the relief requested or any other relief.

Defendant, through its attorneys, answers as follows:

## NATURE OF THE ACTION

1.      Defendant admits that the Complaint purports to state an action for patent infringement brought pursuant to the Patent Laws of the United States, Titles 35 of the United States Code arising from filing of an Abbreviated New Drug Application ("ANDA") seeking approval to market a generic version of Victoza® prior to the expiration of U.S. Patent Nos. 6,268,343, 8,114,833, 8,846,618, 9,265,893, and RE41,956; Defendant denies the remaining allegations of paragraph 1.

## THE PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and therefore denies same.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 and therefore denies same.

4.      Defendant does not contest personal jurisdiction over Teva for purposes of this action only.  Teva admits that it is incorporated in the State of Delaware, and otherwise denies the allegations of paragraph 4.

## THE PATENTS-IN-SUIT

5.      Defendant admits that the face of the '343 patent lists the title as "Derivatives of GLP-1 Analogs," identifies the issue date as July 31, 2001, and that Exhibit A to the Complaint purports to be a copy of the '343 patent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 5 and, therefore denies same.

6.      Defendant admits that the face of the '833 patent lists the title as "Propylene Glycol-containing Peptide Formulations Which Are Optimal For Production and For Use in Injection Devices," identifies the issue date as February 14, 2012, and that Exhibit B to the

Complaint purports to be a copy of the '833 patent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6 and therefore denies same.

7.      Defendant admits that the face of the '618 patent lists the title as "Stable Formulation of Modified GLP-1," identifies the issue date as September 30, 2012, and that Exhibit C to the Complaint purports to be a copy of the '618 patent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7 and therefore denies same.

8.      Defendant admits that the face of the '893 patent lists the title as "Injection Button," identifies the issue date as February 23, 2016, and that Exhibit D to the Complaint purports to be a copy of the '893 patent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 and therefore denies same.

9.      Defendant admits that the face of the RE '956 patent lists the title as "Dose Setting Limiter," identifies the issue date as November 23, 2010, and that Exhibit E to the Complaint purports to be a copy of the RE '956 patent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9 and therefore denies same.

## **VICTOZA®**

10.      Defendant admits that the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") identifies NNI as the holder of NDA No. 022341 for Victoza®, Liraglutide Recombinant Solution Injection, 18 mg/3 ml (6 mg/ml). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 10 and therefore denies same.

11.     Defendant admits that the Orange Book appears to list the '343, '833, '618, '893, and RE '956 patents with respect to Victoza®. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and therefore denies same.

## TEVA'S ANDA

12.     Admitted.

13.     Admitted.

14.     Defendant admits that Teva sent Plaintiffs a "Notification of Certification for US Patent Nos. 6,268,343; 8,114,833; 8,846,618; 9,265,893; and RE41,956 Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" dated January 20, 2017 ("Notice Letter").  Defendant further admits that the Notice Letter represented that Teva had submitted to the FDA ANDA No. 210884 ("Teva's ANDA") and paragraph IV certifications, and admits that Teva attached a memorandum to its Notice Letter in which it alleged factual and legal bases for its paragraph IV certifications, and that the paragraph IV certifications allege that the '343, '833, '618, '893 and RE '956 are invalid and/or would not be infringed by the commercial manufacture, use or sale of the drug product described in Teva's ANDA, and denies the remaining allegations of paragraph 14.

15.     Defendant admits that in its Notice Letter, Teva offered, pursuant to 21 U.S.C. § 355(j)(C)(i)(III) Confidential Access to Plaintiffs of certain information from Teva's ANDA, with certain restrictions, and on information and belief, Plaintiffs rejected that offer. Defendant denies the remaining allegations of paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that the Complaint purports to state claims

arising under the patent laws of the United States, and that this Court has subject matter jurisdiction over the action; Defendant denies the remaining allegations of paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this case only, Defendant does not contest jurisdiction in this Court; Defendant denies the remaining allegations of paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this case only, Defendant does not contest venue in this Court; Defendant denies the remaining allegations of paragraph 18.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 6,268,343

19.     Defendant repeats and incorporates here by reference its responses to paragraphs 1-18.

20.     Defendant admits that Teva submitted ANDA No. 210084 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml); Defendant denies the remaining allegations of paragraph 20.

21.     Denied.

22.     Denied

23.     Denied.

24.     Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 and therefore denies same.

25.     Denied.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,114,833

26.     Defendant repeats and incorporates here by reference its responses to paragraphs 1-25.

27.     Defendant admits that Teva submitted ANDA No. 210084 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml); Defendant denies the remaining allegations of paragraph 27.

28.     Denied.

29.     Denied

30.     Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and therefore denies same.

31.     Denied.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,846,618

32.     Defendant repeats and incorporates here by reference its responses to paragraphs 1-31.

33.     Defendant admits that Teva submitted ANDA No. 210084 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml); Defendant denies the remaining allegations of paragraph 33.

34.     Denied.

35.     Denied

36.     Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 and therefore denies same.

37.     Denied.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,265,893

38.     Defendant repeats and incorporates here by reference its responses to paragraphs 1-37.

39.     Defendant admits that Teva submitted ANDA No. 210084 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml); Defendant denies the remaining allegations of paragraph 39.

40.     Denied.

41.     Denied

42.     Paragraph 42 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 and therefore denies same.

43.     Denied.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. RE41,956

44.     Defendant repeats and incorporates here by reference its responses to paragraphs 1-43.

45.     Defendant admits that Teva submitted ANDA No. 210084 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml); Defendant denies the remaining allegations of paragraph 45.

46.     Denied.

47.     Denied

48.     Paragraph 48 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 and therefore denies same.

49.     Denied.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief or any relief whatsoever.

## AFFIRMATIVE AND SEPARATE DEFENSES

### First Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense
### (Non-infringement of the '343 Patent)

The manufacture, use, sale, offer for sale, or importation into the United States of the drug products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '343 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

### Third Defense
### (Invalidity of the '343 Patent)

Each and every claim of the '343 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

### Fourth Defense
### (Non-infringement of the '833 Patent)

The manufacture, use, sale, offer for sale, or importation into the United States of the drug products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '833 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

### Fifth Defense
### (Invalidity of the '833 Patent)

Each and every claim of the '833 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Sixth Defense**
**(Non-infringement of the '618 Patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the drug products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '618 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

**Seventh Defense**
**(Invalidity of the '618 Patent)**

Each and every claim of the '618 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Eighth Defense**
**(Non-infringement of the '893 Patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the drug products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '893 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

**Ninth Defense**
**(Invalidity of the '893 Patent)**

Each and every claim of the '893 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Tenth Defense**
**(Non-infringement of the RE '956 Patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the drug products described in ANDA No. 210084 has not infringed, does not infringe, and will not

infringe any valid and enforceable claim of the RE '956 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

### Eleventh Defense
### (Invalidity of the RE '956 Patent)

Each and every claim of the RE '956 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

### Twelfth Defense
### (No costs)

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

### Thirteenth Defense
### (Reservation of rights)

Defendant reserve the right to allege additional affirmative defenses as they become known through the course of discovery.

## COUNTERCLAIMS

Without admitting any of the allegations of Plaintiffs other than those expressly admitted herein, and without prejudice of the rights of Defendant to plead additional Counterclaims as the facts of the matter warrant, Teva hereby asserts the following Counterclaims against Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk").

### THE PARTIES

1.      Teva is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1090 Horsham Road, North Wales, Pennsylvania, 19454.

2.      Upon information and belief, Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey, 08536.

3.     Upon information and belief, Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, having its principal place of business at Novo Allé, 2880 Bagsværd, Denmark. Upon information and belief, NNI is an indirect, wholly-owned subsidiary of NNAS.

## JURISDICTION AND VENUE

4.     This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     Personal jurisdiction over Novo Nordisk is proper because, *inter alia*, Novo Nordisk initiated and is prosecuting this action, and because, upon information and belief, either directly or through its agents, it transacts business in, and derives substantial revenue from, Delaware.

6.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7.     U.S. Patent No. 6,268,343 (the "'343 patent") is entitled "Derivatives of GLP-1 Analogs," and states it was issued on July 31, 2001.

8.     U.S. Patent No. 8,114,833 (the "'833 patent") is entitled "Propylene Glycol-containing Peptide Formulations Which Are Optimal For Production and For Use in Injection Devices," and states it was issued on February 14, 2012.

9.     U.S. Patent No. 8,846,618 (the "'618 patent") is entitled "Stable Formulation of Modified GLP-1," and states it was issued on September 30, 2012.

10.     U.S. Patent No. 9,265,893 (the "'893 patent") is entitled "Injection Button," and states it was issued on February 23, 2016.

11.     U.S. Patent No. RE41,956 (the "RE '956 patent") is entitled "Dose Setting Limiter," and states it was issued on November 23, 2010.

12.     Upon information and belief, NNAS is the owner of the '343, '833, '618, '893, and RE '956 patents.

13.     Upon information and belief, NNI is the holder of New Drug Application ("NDA") No. 022341 for Victoza®, Liraglutide Recombinant Solution Injection, 18 mg/3 ml (6 mg/ml).

14.     The '343, '833, '618, '893, and RE '956 patents are listed in the Approved Drug products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 022341.

15.     Teva submitted Abbreviated New Drug Application ("ANDA") No. 210084 to the FDA under 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml) prior to the expiration of '343, '833, '618, '893, and RE '956 patents.

16.     ANDA No. 210084 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the '343, '833, '618, '893, and RE '956 patents are invalid and/or will not be infringed by the commercial manufacture, use, or sale of the products described therein.

17.     Teva sent notice of its certification to NNI on or about January 20, 2017. Upon information and belief, NNI received those notifications.

18.     On March 3, 2017, Novo Nordisk filed this lawsuit alleging infringement of the '343, '833, '618, '893, and RE '956 patents.

19.     ANDA No. 210084 has not received either tentative or final approval, and Teva has not engaged in the manufacture, use, sale, offer for sale in the United States, or importation into the United States, of liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml), for commercial purposes. Nonetheless, a justiciable controversy exists as to the infringement and validity of the '343, '833, '618, '893, and RE '956 patents because Novo Nordisk brought an action alleging that the importation, manufacture, use, offer for sale, or sale of the products that are the subject of ANDA No. 210084 would infringe those patents, and Teva has denied the alleged infringement and further alleges that the claims of the '343, '833, '618, '893, and RE '956 patents are invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '343 PATENT

20.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-19 of these Counterclaims.

21.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '343 patent, based on Plaintiffs' allegation in their Complaint that Defendant has infringed or will infringe the '343 patent.

22.     Each and every claim of the '343 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, the bases for which include:

(a)     The '343 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

(b)     The alleged invention of the '343 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '343 patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '343 patent and would have had a reasonable expectation of success in doing so.

(c)     The subject matter claimed in the '343 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

23.     For example, claims 1-3, 14, 28, 29, 31, 32, and 39 of the '343 patent are invalid for at least failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. § 103. Said claims are invalid at least as obvious pursuant to § 103(a) in view of at least Buckley et al. WO 91/11457, GLP-1 Analogs Useful for Diabetes Treatment; Markussen, J. et al., "Soluble, Fatty Acid Acylated Insulins Bind to Albumin and Show Protracted Action in Pigs," *Diabetologia* 39:281-88 (1996); and Tonsgard, J.H. et al., "Binding of Straight-Chain Saturated Dicarboxylic Acids to Albumin," *J. Clin. Invest.* 82:1567-73 (1988).

24.     Teva is entitled to a judicial declaration that all claims of the '343 patent are invalid.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '343 PATENT**

25.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-24 of these Counterclaims.

26.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of ANDA No. 210084 and/or the manufacture, use, offer to sell, sale and/or importation into the United States of the ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the '343 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

27.     Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '343 patent either literally or under the doctrine of equivalents and is not liable for such infringement.

28.     Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '343 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '343 patent.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '833 PATENT**

29.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-28 of these Counterclaims.

30.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '833 patent, based on Plaintiffs' allegation in their Complaint that Defendant has infringed or will infringe the '833 patent.

31.     Each and every claim of the '833 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112, the bases for which include:

(a)     The alleged invention of the '833 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

(b)     The '833 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

(c)     The alleged invention of the '833 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '833 patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '833 patent and would have had a reasonable expectation of success in doing so.

(d)     The subject matter claimed in the '833 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

(e)     The '833 patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

(f)     The claims of the '833 patent are invalid because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

32.     For example, claims 1-31 of the '833 patent are invalid for at least failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. § 102. Said claims are invalid at least as anticipated and/or obvious pursuant to §§ 102(b) and 103(a) by at least Flink et al., WO 03/002136 A2, Stable Formulations of Modified GLP-1.

33.     Teva is entitled to a judicial declaration that all claims of the '833 patent are invalid.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '833 PATENT

34.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-32 of these Counterclaims.

35.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of ANDA No. 210084 and/or the manufacture, use, offer to sell, sale and/or importation into the United States of the ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the '833 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

17

36.     Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '833 patent either literally or under the doctrine of equivalents and is not liable for such infringement.

37.     Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '833 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '833 patent.

**COUNT V**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '618 PATENT**

38.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-37 of these Counterclaims.

39.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '618 patent, based on Plaintiffs' allegation in their Complaint that Defendant has infringed or will infringe the '618 patent.

40.     Each and every claim of the '618 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, and/or is invalid under the doctrine of obviousness-type double patenting, the bases for which include:

(a)     The alleged invention of the '618 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

(b)     The '618 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and

mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

(c)     The alleged invention of the '618 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '618 patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '618 patent and would have had a reasonable expectation of success in doing so.

(d)     The subject matter claimed in the '618 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

(e)     The subject matter claimed in the '618 patent is invalid for obviousness-type double patenting in that any differences between the subject matter claimed in the patent and the subject matter claimed in any other earlier expiring patent with a common owner would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

41.     For example, claims 1-6, 13, and 14 of the '618 patent are invalid for at least failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. § 102. Said claims are invalid at least

as anticipated pursuant to § 102(b) by at least Knudsen et al, WO 99/43341, GLP-1 Derivatives

With Helix-Content Exceeding 25% Forming Partially Structured Micellar-Like Aggregates.

42.     Teva is entitled to a judicial declaration that all claims of the '618 patent are

invalid.

**COUNT VI**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '618 PATENT**

43.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-42

of these Counterclaims.

44.     There is an actual, substantial, continuing, and justiciable controversy between the

parties regarding whether the filing of ANDA No. 210084 and/or the manufacture, use, offer to

sell, sale and/or importation into the United States of the ANDA Products infringes, has

infringed, or will infringe any valid and enforceable claim of the '618 patent either directly or

indirectly, and either literally or under the doctrine of equivalents.

45.     Teva has not infringed, contributed to the infringement of, or induced the

infringement of any valid and enforceable claim of the '618 patent either literally or under the

doctrine of equivalents and is not liable for such infringement.

46.     Teva is entitled to a judicial declaration that it has not infringed, contributed to the

infringement of, or induced the infringement of the '618 patent either literally or under the

doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the

products described in ANDA No. 210084 has not infringed, does not infringe, and will not

infringe any valid and enforceable claims of the '618 patent.

**COUNT VII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '893 PATENT**

47.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-46

of these Counterclaims.

20

48.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '893 patent, based on Plaintiffs' allegation in their Complaint that Defendant has infringed or will infringe the '893 patent.

49.     Each and every claim of the '893 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, the bases for which include:

(a)     The alleged invention of the '893 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

(b)     The '893 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

(c)     The alleged invention of the '893 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '893 patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '893 patent and would have had a reasonable expectation of success in doing so.

(d)     The subject matter claimed in the '893 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person

21

having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

50.     For example, claims 1-6 of the '893 patent are invalid for at least failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103. Said claims are invalid at least as anticipated or rendered obvious pursuant to §§ 102 and/or 103 by at least Markussen et al, WO 2006/076921, An Automatic Injection Device with a Top Release Mechanism, Petersen et al, WO 1993/007922, Large Dose Pen, and Deruntz et al, WO 2005/018721, Medication Dispensing Apparatus with Triple Screw Threads for Mechanical Advantage.

51.     Teva is entitled to a judicial declaration that all claims of the '893 patent are invalid.

## COUNT VIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '893 PATENT

52.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-51 of these Counterclaims.

53.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of ANDA No. 210084 and/or the manufacture, use, offer to sell, sale and/or importation into the United States of the ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the '893 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

54.     Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '893 patent either literally or under the doctrine of equivalents and is not liable for such infringement.

55.     Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '893 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '893 patent.

**COUNT IX**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE RE '956 PATENT**

56.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-55 of these Counterclaims.

57.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the RE '956 patent, based on Plaintiffs' allegation in their Complaint that Defendant has infringed or will infringe the RE '956 patent.

58.     Each and every claim of the RE '956 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103, the bases for which include:

(a)     The alleged invention of the RE '956 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

(b)     The RE '956 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

(c)     The alleged invention of the RE '956 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged

improvement over the prior art set forth in the RE '956 patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the RE '956 patent and would have had a reasonable expectation of success in doing so.

(d)     The subject matter claimed in the RE '956 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

59.     For example, claims 1-19 of the RE '956 patent are invalid for at least failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103. Said claims are invalid at least as anticipated or rendered obvious pursuant to §§ 102 and/or 103 by at least Hjertman, U.S. Patent No. 6,562,006, Injector Device and Method for its Operation, alone or in combination with Sams, WO 96/26754, Incrementing Mechanism in Particular for Use with a Membral Syringe.

60.     Teva is entitled to a judicial declaration that all claims of the RE '956 patent are invalid.

## COUNT X
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE RE '956 PATENT

61.     Teva re-alleges and incorporates by reference the allegations in paragraphs 1-60 of these Counterclaims.

24

62.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of ANDA No. 210084 and/or the manufacture, use, offer to sell, sale and/or importation into the United States of the ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the RE '956 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

63.     Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the RE '956 patent either literally or under the doctrine of equivalents and is not liable for such infringement.

64.     Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the RE '956 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 210084 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the RE '956 patent.

### COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF

Wherefore, Teva respectfully requests that this Court enter judgment in its favor and against Counterclaim Defendant, and issue an order:

A.     Dismissing Counterclaim Defendant's Complaint with prejudice;

B.     Denying Counterclaim Defendant any of the relief it requested in the Complaint;

C.     Declaring all claims of the '343, '833, '618, '893, and RE '956 patents invalid;

D.     Declaring that the filing of ANDA No. 210084 did not infringe any valid and enforceable claim of the '343, '833, '618, '893, and RE '956 patents;

E.     Declaring that the manufacture, use, sale, offer for sale, and/or importation into the United States of the products described in ANDA No. 210084 would not

directly or indirectly infringe any valid and enforceable claim of the '343, '833, '618, '893, and RE '956 patents;

F.    Declaring that the 30-month time period referred to in 21 U.S.C. § 355(j)(5)(B)(iii) be shortened to expire immediately;

G.    Declaring this case exceptional in favor of Teva pursuant to 35 U.S.C. § 285;

H.    Awarding costs and attorneys' fees to Teva; and

I.    Awarding Teva such other and further relief as the Court deems just and proper.


| | |
|---|---|
| | */s/ Karen E. Keller* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Leora Ben-Ami | Karen E. Keller (No. 4489) |
| Thomas F. Fleming | SHAW KELLER LLP |
| KIRKLAND & ELLIS LLP | 300 Delaware Avenue, Suite 1120 |
| 601 Lexington Avenue | Wilmington, DE 19801 |
| New York, NY 10022 | (302) 298-0700 |
| (212) 446-5943 | jshaw@shawkeller.com |
| | kkeller@shawkeller.com |
| Dated: April 26, 2017 | *Attorneys for Defendant* |