IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-227 (VAC) (MPT) |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS**

Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Plaintiffs"), by their undersigned attorneys, for their Answer to the Counterclaims of Defendant Teva Pharmaceuticals USA, Inc. ("Teva") allege:

**THE PARTIES**

1. Plaintiffs admit the allegations contained in Paragraph 1 of the Counterclaims.

2. Plaintiffs admit the allegations contained in Paragraph 2 of the Counterclaims.

3. Plaintiffs admit the allegations contained in Paragraph 3 of the Counterclaims.

**JURISDICTION AND VENUE**

4. Plaintiffs admit that Teva asserts Counterclaims under 35 U.S.C. §§ 1 *et seq*. and under 28 U.S.C. §§ 2201 and 2202. Plaintiffs deny the remaining allegations contained in Paragraph 4 of the Counterclaims.

5. Plaintiffs do not contest personal jurisdiction in this judicial district for the limited purpose of this action only. Plaintiffs deny the remaining allegations contained in Paragraph 5 of the Counterclaims.

6. Plaintiffs admit the allegations contained in Paragraph 6 of the Counterclaims.

**FACTUAL BACKGROUND**

7. Plaintiffs admit the allegations contained in Paragraph 7 of the Counterclaims.

8. Plaintiffs admit the allegations contained in Paragraph 8 of the Counterclaims.

9. Plaintiffs admit that U.S. Patent No. 8,846,618 (the "'618 patent") is entitled "Stable Formulation of Modified GLP-1." Plaintiffs deny the remaining allegations contained in Paragraph 9 of the Counterclaims.

10. Plaintiffs admit the allegations contained in Paragraph 10 of the Counterclaims.

11. Plaintiffs admit the allegations contained in Paragraph 11 of the Counterclaims.

12. Plaintiffs admit the allegations contained in Paragraph 12 of the Counterclaims.

13. Plaintiffs admit the allegations contained in Paragraph 13 of the Counterclaims.

14. Plaintiffs admit the allegations contained in Paragraph 14 of the Counterclaims.

15. Plaintiffs admit that by letter to Novo Nordisk Inc. and Novo Nordisk A/S, dated January 20, 2017, Teva stated that it had submitted ANDA No. 210084 ("Teva's ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of liraglutide recombinant solution for injection, 18 mg / 3 ml (6 mg/ml) prior to the expiration of U.S. Patent Nos. 6,268,343 (the "'343 patent"), 8,114,833 (the "'833 patent"), 8,846,618 (the "'618 patent"), 9,265,893 (the "'893 patent"), and RE 41,956 (the "RE '956 patent"). Plaintiffs otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims and on that basis deny the allegations contained therein.

16. Plaintiffs admit that by letter to Novo Nordisk Inc. and Novo Nordisk A/S, dated January 20, 2017, Teva stated that its ANDA contains a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Teva's Paragraph IV Certification"), that the '343, '833, '618, '893, and RE '956 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the generic version of liraglutide recombinant solution injection, 18 mg/3 ml (6 mg/ml) described in Teva's ANDA ("Teva's Product"). Plaintiffs otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaims and on that basis deny the allegations contained therein.

17. Plaintiffs admit that Novo Nordisk Inc. received notice of Teva's Paragraph IV Certification, sent by letter dated January 20, 2017. Plaintiffs deny the remaining allegations contained in Paragraph 17 of the Counterclaims.

18. Plaintiffs admit the allegations contained in Paragraph 18 of the Counterclaims.

19. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement and validity of the ’343, ’833, ’618, ’893, and RE ’956 patents. Plaintiffs deny the remaining allegations contained in Paragraph 19 of the Counterclaims.

**COUNT I**
**(Declaratory Judgment of Invalidity of the ’343 Patent)**

20. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-19 of this Answer.

21. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the validity of the ’343 patent. Plaintiffs deny the remaining allegations contained in Paragraph 21 of the Counterclaims.

22. Plaintiffs deny the allegations contained in Paragraph 22, including subparts (a)-(c) thereof, of the Counterclaims.

23. Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaims.

24. Plaintiffs deny the allegations contained in Paragraph 24 of the Counterclaims.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of the ’343 Patent)**

25. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-24 of this Answer.

26. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement of the ’343 patent. Plaintiffs deny the remaining allegations contained in Paragraph 26 of the Counterclaims.

27. Plaintiffs deny the allegations contained in Paragraph 27 of the Counterclaims.

28. Plaintiffs deny the allegations contained in Paragraph 28 of the Counterclaims.

**COUNT III**
**(Declaratory Judgment of Invalidity of the ’833 Patent)**

29. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-28 of this Answer.

30. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the validity of the ’833 patent. Plaintiffs deny the remaining allegations contained in Paragraph 30 of the Counterclaims.

31. Plaintiffs deny the allegations contained in Paragraph 31, including subparts (a)-(f) thereof, of the Counterclaims.

32. Plaintiffs deny the allegations contained in Paragraph 32 of the Counterclaims.

33. Plaintiffs deny the allegations contained in Paragraph 33 of the Counterclaims.

**COUNT IV**
**(Declaratory Judgment of Non-Infringement of the ’833 Patent)**

34. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-33 of this Answer.

35. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement of the ’833 patent. Plaintiffs deny the remaining allegations contained in Paragraph 35 of the Counterclaims.

36. Plaintiffs deny the allegations contained in Paragraph 36 of the Counterclaims.

37. Plaintiffs deny the allegations contained in Paragraph 37 of the Counterclaims.

**COUNT V**
**(Declaratory Judgment of Invalidity of the ’618 Patent)**

38. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-37 of this Answer.

39. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the validity of the ’618 patent. Plaintiffs deny the remaining allegations contained in Paragraph 39 of the Counterclaims.

40. Plaintiffs deny the allegations contained in Paragraph 40, including subparts (a)-(e) thereof, of the Counterclaims.

41. Plaintiffs deny the allegations contained in Paragraph 41 of the Counterclaims.

42. Plaintiffs deny the allegations contained in Paragraph 42 of the Counterclaims.

**COUNT VI**
**(Declaratory Judgment of Non-Infringement of the ’618 Patent)**

43. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-42 of this Answer.

44. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement of the ’618 patent. Plaintiffs deny the remaining allegations contained in Paragraph 44 of the Counterclaims.

45. Plaintiffs deny the allegations contained in Paragraph 45 of the Counterclaims.

46. Plaintiffs deny the allegations contained in Paragraph 46 of the Counterclaims.

**COUNT VII**
**(Declaratory Judgment of Invalidity of the ’893 Patent)**

47. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-46 of this Answer.

48. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the validity of the ’893 patent. Plaintiffs deny the remaining allegations contained in Paragraph 48 of the Counterclaims.

49. Plaintiffs deny the allegations contained in Paragraph 49, including subparts (a)-(d) thereof, of the Counterclaims.

50. Plaintiffs deny the allegations contained in Paragraph 50 of the Counterclaims.

51. Plaintiffs deny the allegations contained in Paragraph 51 of the Counterclaims.

**COUNT VIII**
**(Declaratory Judgment of Non-Infringement of the ’893 Patent)**

52. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-51 of this Answer.

53. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement of the ’893 patent. Plaintiffs deny the remaining allegations contained in Paragraph 53 of the Counterclaims.

54. Plaintiffs deny the allegations contained in Paragraph 54 of the Counterclaims.

55. Plaintiffs deny the allegations contained in Paragraph 55 of the Counterclaims.

**COUNT IX**
**(Declaratory Judgment of Invalidity of the RE ’956 Patent)**

56. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-55 of this Answer.

57. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the validity of the RE ’956 patent. Plaintiffs deny the remaining allegations contained in Paragraph 57 of the Counterclaims.

58. Plaintiffs deny the allegations contained in Paragraph 58, including subparts (a)-(d) thereof, of the Counterclaims.

59. Plaintiffs deny the allegations contained in Paragraph 59 of the Counterclaims.

60. Plaintiffs deny the allegations contained in Paragraph 60 of the Counterclaims.

**COUNT X**
**(Declaratory Judgment of Non-Infringement of the RE ’956 Patent)**

61. Plaintiffs hereby re-allege and incorporate by reference the averments contained in Paragraphs 1-60 of this Answer.

62. Plaintiffs admit that a controversy currently exists between Plaintiffs and Teva as to the infringement of the RE ’956 patent. Plaintiffs deny the remaining allegations contained in Paragraph 62 of the Counterclaims.

63. Plaintiffs deny the allegations contained in Paragraph 63 of the Counterclaims.

64. Plaintiffs deny the allegations contained in Paragraph 64 of the Counterclaims.

* * *

Plaintiffs deny that Teva is entitled to the relief sought in items (A – I) on pages 25-26 of Defendant Teva Pharmaceuticals USA, Inc.'s Answer, Affirmative Defenses and Counterclaims.

**DEFENSES TO COUNTERCLAIMS**

1. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in their Complaint in this action.

2. Teva's Counterclaims fail to state a claim upon which relief may be granted.

WHEREFORE, Plaintiffs seek an Order:

1. Dismissing Teva's Counterclaims with prejudice;

2. Entering judgment in favor of Plaintiffs and against Teva;

3. Finding this case to be exceptional and granting Plaintiffs their reasonable attorneys' fees and costs; and

4. Granting such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

OF COUNSEL:

Jeffrey J. Oelke
Alison Hanstead
John Scheibeler
Ryan P. Johnson
Laura T. Moran
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

May 17, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 17, 2017, upon the following in the manner indicated:

John W. Shaw, Esquire
Karen E. Keller, Esquire
SHAW KELLER LLP
1105 North Market Street
12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Thomas F. Fleming, Esquire
Leora Ben-Ami, Esquire
Gregory Springsted, Esquire
Robert Hyberg, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)